Plaintiffs, Glenn and Jacqualyn Fahey, appeal from a summary judgment in favor of Defendant, Ahmad Abouhossein, M.D., on Plaintiffs' claim for medical malpractice.
Plaintiffs-Appellants present a single assignment of error, which states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF IN GRANTING DEFENDANT'S MOTION TO STRIKE THE TESTIMONY OF SAUL BOYARSKY, M.D.
The trial court granted the Defendant's motion for summary judgment because Plaintiffs were unable, after the court had struck the deposition testimony of Plaintiffs' sole expert, to present evidence necessary to show that the Defendant was negligent in his treatment of Glenn Fahey. Evidence of negligence is necessary to prove liability in a claim for medical malpractice. Bruni v. Tatsumi (1976), 46 Ohio St.2d 127.
The trial court struck the testimony of Saul Boyarsky, M.D. on the motion of the Defendant, who argued that Dr. Boyarsky does not satisfy the competency requirements of Evid.R. 601(D). That rule provides that a witness is not competent to give expert testimony on the issue of liability in a claim for medical malpractice unless he is licensed to practice medicine and "unless the person devotes at least one-half of his or her professional time to the active clinical practice in his or her field of licensure, or to its instruction in an accredited school." Id.
It is undisputed that Dr. Boyarsky is licensed to practice medicine in the State of Kansas. The Defendant argued, and the trial court apparently found, that Dr. Boyarsky failed to satisfy the other prong of Evid.R. 601(D) with respect to the activities he has pursued since he retired from practice.
Dr. Boyarsky retired from the active clinical practice of medicine in 1984 (Deposition, T. 93). He has been affiliated with St. Louis University Medical School, but he retired from regular teaching in 1989 (T. 27). Since then Dr. Boyarsky has taught medical students and residents in urology, but no more than approximately two and one-half hours per week. (T. 100). Dr. Boyarsky is not identified by the school as the faculty member responsible to teach any courses. (T. 99-100).
This court has held that retirement alone is not an impediment to satisfy the requirements of Evid.R. 601(D) when the witness is licensed and engaged in another qualifying activity. Hinders v. Miller (Dec. 20, 1984), Montgomery App. No. 8772, unreported. In Crosswhite v. Desai (1989), 64 Ohio App.3d 170, we held that the trial court abused its discretion in excluding the opinion evidence of a physician because he was retired when the physician had treated the patient during his active clinical practice, remained licensed, and did not appear as a witness in medical malpractice cases on a regular basis.
Since his retirement Dr. Boyarsky realizes all his earned income from testifying and offering other assistance to claimants in medical malpractice cases. Further, and in contrast to the witness in Crosswhite, Dr. Boyarsky has never treated Glenn Fahey.
The purpose of the competency requirements of Evid.R. 601(D) is to insure that a person who offers an expert opinion on the issue of liability in a medical malpractice claim is fit by experience to do so. The experience required by Evid.R. 601(D) insures that the witness has some actual knowledge of the daily care of patients, which is the particular foundation that qualifies a witness to opine whether an action by a treating physician deviated from the standard of conduct that his duty of care imposed, the predicate basis for liability in a claim of medical malpractice.
A collateral purpose and consequential result of the requirements of Evid.R. 601(D) is to exclude the testimony of the "hired gun," a professional witness whose actual specialty is testimony instead of treatment. Such witnesses do not necessarily lack an expert understanding of the medical issues involved, but they do lack the current basis of experience in the day-to-day practice of medicine necessary to form a judgment truly helpful to the trier of fact, which is the rationale for all expert opinion evidence.
Though Dr. Boyarsky has had decades of experience in the practice of urology, which is the specialty involved in this claim, he no longer practices and has not done so for many years. Neither does he currently devote one-half his professional time to instruction in a medical school. His publications are extensive, but they do not represent a qualifying activity for purposes of Evid.R. 601(D). Dr. Boyarsky never treated Glenn Fahey for the injuries claimed to have occurred as the result of the malpractice alleged. Dr. Boyarsky's current professional endeavors do not fit him within the criteria that Evid.R. 601 (D) sets out. Therefore, the trial court did not abuse its discretion when it excluded his evidence on the issue of liability.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, J., and FAIN, J., concur.
Copies mailed to:
Robert B. Newman, Esq. Howard P. Krisher, Esq. Hon. John W. Kessler